STATE OF FLORIDA, ex rel Islands Incorporated, *Petitioner*, v. NATHAN MAYO As Commissioner of Agriculture, *Respondent*.

Opinion filed December 22, 1928.

*Fred M. Valz* and *Charles R. Pierce,* for Petitioner;

*Fred H. Davis* and *Wideman & Wideman,* for Respondent.

PER CURIAM.—The alternative writ issued herein commands the Commissioner of Agriculture to affix his official seal to and to deliver an alleged deed of conveyance of land that has been signed by the Trustees of the Internal Improvement Fund. See Sec. 173, Rev. Gen. Stats. 1920, Sec. 205, Compiled General Laws 1927. The respondent avers that the said trustees have directed him to cancel the undelivered instrument.

It appears by the alternative writ that the land is in Palm Beach County, Florida, and by the answer that it is an island in Lake Worth, which lake the Court knows is a tidal water. If the authority of the Trustees of the Internal Improvement Fund to sell such island is not subject to the limitations contained in ·Secs. 1056-7, Rev. Gen. Stats., so that a sale of such an island may be made only "after giving notice by publication" as prescribed and for the purpose stated in the law, which publication does not appear to have been made, no right of the realtor to have the respondent attach the seal of his office to and to deliver an alleged deed signed by the Trustees of the Internal Improvement Fund purporting to convey the island, appears, since the discretionary authority of the trustees in acting for the State authorizes the trustees under the circumstances stated in the answer, to rescind the tenative sale of the island so peculiarly conditioned and situated with reference to public rights in the navigable and tidal waters of the State; and the alternative writ requiring the respondent to affix his official seal to and to deliver such alleged deed of conveyance should be, and is hereby quashed.

ELLIS, C. J., AND WHITFIELD, TERRELL AND BUFORD, J. J., concur.

STRUM AND BROWN, J. J., concur in the result.